```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

WALLACE RIVERS,                    :

    Petitioner,                :

v.                                 :     CIVIL ACTION 12-0453-CB-M

TONY PATTERSON,                    :

    Respondent.                :


REPORT AND RECOMMENDATION

Petitioner, an inmate at Holman Penitentiary, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1). Petitioner raises a claim of fundamental miscarriage of justice and actual innocence in challenging his conviction and sentence for first degree murder in the Houston County Circuit Court (Doc. 1).

This Court, "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Rivers attacks a sentence imposed upon him by the Houston County Circuit Court. Houston County is located within the jurisdiction of the United States District Court for the Middle District of Alabama, Southern Division. 28 U.S.C. §

1

81(b)(2). In light of the foregoing, the Court concludes that transfer of this case to that court for review and disposition is appropriate. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973)("Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy"); *see also* 28 U.S.C. § 2241.

Therefore, it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Middle District of Alabama for further proceedings. *Braden,* 410 U.S. at 497.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

2

> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served
> with a copy of the recommendation, unless a different
> time is established by order.  The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed <u>de</u> <u>novo</u> and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 19th day of July, 2012.


                              <u>s/BERT W. MILLING, JR.</u>
                              UNITED STATES MAGISTRATE JUDGE